IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOCAL UNION NO. 98 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, et al., Plaintiffs, | : : : : : | CIVIL ACTION |
| v. | : : | |
| CHESTER COUNTY ELECTRIC, INC., Defendant. | : : : : | No. 12-3440 |

MEMORANDUM

Schiller, J.                                                                                                                             October 8, 2013

Plaintiffs claim that Chester County Electric, Inc. violated the Employee Retirement Income Security Act ("ERISA") when it failed to comply with a collective bargaining agreement signed by the parties. Defendants did not respond to the Complaint, and the Clerk of Court entered a default. Now before the Court is Plaintiffs' motion for a default judgment. For the reasons below, the Court grants the motion.

I.     BACKGROUND

The various funds at issue in this case are multi-employer benefit funds and/or multi-employer pension funds; the individually named Plaintiffs are trustees of the funds. (Compl. ¶¶ 5-7.)

Chester County Electric provided electric services to the public and is a party to the multi-employer collective bargaining agreement between Local Union No. 98 and the Philadelphia division of the Penn-Del-Jersey Chapter, National Electrical Contractor's Association. (*Id*. ¶ 10.) Pursuant to the collective bargaining agreement, Chester County Electric agreed to furnish monthly reports to Local Union No. 98 listing the names of the union members who were employed, the number of

hours of employment, and the gross earnings of each. (*Id*. ¶ 18.) Chester County Electric failed to comply with these requirements. (*Id*. ¶ 28.) Additionally, Chester County Electric failed to timely remit contributions and deductions as required by the collective bargaining agreement. (*Id*. ¶¶ 19-28.) Specifically, a payroll compliance review revealed that Chester County Electric failed to remit contributions and submit withholdings to the funds from January of 2005 through December of 2007. (Pls.' Mot. to Enter Default J. Against Def. [Pls.' Default J. Mot.] ¶ 11.)

Plaintiffs' Complaint includes one count: an ERISA claim pursuant to 29 U.S.C. § 1145. Chester County Electric was served on July 5, 2012. (*Id*. ¶ 20.) A default was entered on August 16, 2012. The motion for entry of default judgment was filed on September 11, 2013. To date, Defendant has not responded to any of the filings in this matter.

## II. STANDARD OF REVIEW

A district court faced with a motion for default judgment should consider: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). The Court accepts as true any factual allegations, other than those as to damages, contained in the complaint. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005).

## III. DISCUSSION

ERISA requires that an employer who makes contributions under a collective bargaining agreement do so in accordance with the agreement. 29 U.S.C. § 1145. ERISA also provides for a plan to collect from delinquent employers the unpaid contributions with interest; liquidated damages

provided for under the plan in an amount not in excess of 20% of the unpaid contributions; reasonable attorneys' fees and costs; and such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

The facts alleged in the Complaint, as well as the payroll compliance review submitted to the Court, establish that Chester County Electric failed to make contributions it was obligated to make, in the amount of $91,893.03. As a result of this failure, it is obligated to pay the unpaid contributions and interest, liquidated damages, reasonable attorneys' fees, and costs. (*See* Pls.' Default J. Mot. Ex. 2 [Compliance Review].)

As Plaintiffs are not receiving payments owed them, Plaintiffs will suffer prejudice if this Court denies their motion for default judgment. *See Trs. & Fiduciaries of the Iron Workers Dist. Council (Phila. & Vicinity) Benefit & Pension Plans v. McGinny Ironworks, Inc.*, Civ. A. No. 11-1463, 2011 WL 5025310, at *2 (E.D. Pa. Oct. 20, 2011). The Court will also interpret Chester County Electric's silence as proof that it has no litigable defense. *See id*. Finally, while Defendant has failed to engage in this litigation, the docket indicates that it was properly served. Therefore, the fault rests with Defendant for its failure to participate in this litigation.

In an effort to collect reasonable attorneys' fees and costs for this litigation, Plaintiffs' attorney, Steven Marino, submitted a declaration setting forth the number of hours worked on this matter, as well as a record of how that time was spent. Given this documentation, the Court concludes that the request for $12,605.58 in attorneys' fees and costs is reasonable and will award this amount.

## IV. CONCLUSION

Plaintiffs are entitled to a default judgment. An Order consistent with this Memorandum will be docketed separately.